**In the Matter of B.J. THOMAS, Debtor.**

**B.J. THOMAS, Plaintiff,**

v.

**AMERICAN CYAMID, Defendant.**

**Bankruptcy No. 81–331.**
**Adv. No. 81–234.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 21, 1983.

Don M. Stichter, Tampa, Fla., for plaintiff.

R. Thomas Farrar, Miami, Fla., for defendant.

ORDER ON MOTION TO DISMISS AND
MOTIONS FOR SUMMARY
JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 reorganization case. The matters under consideration are a Motion to Dismiss the above-captioned adversary proceeding and Motions for Summary Judgment filed by both the Defendant, American Cyamid (American) and the Plaintiff, B.J. Thomas (the Debtor) who commenced this adversary proceeding.

In order to put the Motions under consideration in proper prospective, a brief recital of the procedural background of the matters in controversy would be helpful.

On March 3, 1981, the Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code. It became apparent

from the beginning of the case that the Debtor's ability to survive and its chances to reorganize will depend in large measure on the successful and immediate prosecution of its claim against American. For this reason, on June 23, 1982 (5 days before the Supreme Court handed down its decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 [1982]), the Debtor filed the present complaint against American.

The complaint sets forth four claims in four separate counts. While there is a slight and almost imperceptible difference between the claims set forth in the respective Counts it is evident that the Debtor's claims against American are, as described by Justice Burger in his dissent in *Marathon,* a "traditional common law action, claims which related only peripherally to an adjudication of bankruptcy of federal law." *Marathon, supra.*

It is not surprising that the Debtor's right to utilize this Court to obtain an adjudication of its claims against American was immediately challenged by American who moved to dismiss the complaint for lack of subject matter jurisdiction and for lack of personal jurisdiction over American. In due course, the motion was heard, but based on the stay granted by the Supreme Court in its original decision of June 28, 1982, this Court took the position that while the Supreme Court invalidated the jurisdictional grant of the Bankruptcy Reform Act of 1978, P.L. 95–598, 28 U.S.C. § 1471 et seq., the decision operated only prospectively and had no impact on any adversary proceedings which were pending prior to the date of the decision in *Marathon* or while the stay granted by the plurality was still in force and effect.

In light of the court's ruling, the parties commenced extensive discovery in preparation for the trial. The discovery convinced both sides that the issues raised by the pleadings can be resolved as a matter of law in light of the fact that according to both the Plaintiff and the Defendant, there remain no genuine issues of material fact to be tried.

In light of this development, it was hoped that this controversy could be resolved prior to the expiration of the second deadline set by the Supreme Court, that is, prior to December 24, 1982. Unfortunately, this turned out not to be the case in spite of a concentrated effort by counsel for the respective parties and by the Court. This turn of events is even more unfortunate because this case was scheduled for trial on January 13, 1983, after the expiration of the last day of the stay. Therefore, the parties were obviously entitled to an immediate ruling on the motions under consideration, especially on the renewed motion to dismiss for lack of jurisdiction based on the holding of *Marathon.*

■ It appears that ordinarily this Court would have no choice but to grant the renewed motion to dismiss the complaint for lack of jurisdiction. However, in anticipation of failure of Congress to act or lack of any further stay by the Supreme Court, the Judges of this District promulgated an emergency resolution and some additional local rules on December 17, 1982. These Local Rules became operative on December 27, 1982, the first business day after the expiration of the stay granted by the Supreme Court. These Emergency Rules, now Local Rules of this District, provide, inter alia, in subclause (c)(1) "that all cases under Title 11 and all civil proceedings arising under Title 11 will be referred to the Bankruptcy Judges of this District." In addition, subclause (3)(A) of these Rules define "related proceedings." There is no question that the claims involved in this civil proceeding come within the definition of "related proceedings." In subclause (B), the Rules provide that in a related proceeding, the Bankruptcy Judge may not enter a judgment or dispositive order, but shall submit findings, conclusions and a proposed judgment or order to the District Judge, unless the parties to the proceeding consent to the entry of the judgment or order of the Bankruptcy Judge.

Thus, it appears that by virtue of the Emergency Rules promulgated as a Local

Rule, the matter is still properly before this Court and this Court has, at least, the power to hear and to consider the issues raised by the complaint and answer and the Motions under consideration although the Court may not enter a dispositive order or judgment without the parties' consent. Neither the Debtor nor American indicated a willingness to accept a dispositive order from this Court. Without indicating or taking a position on the constitutionality of the Emergency Rule, a question yet to be resolved and which is subject to serious doubt (see statement of Jonathan C. Rose, Assistant Attorney General before the Subcommittee on Courts Committee on the Judiciary United States Senate, November 10, 1982), it is clear that this Court shall not consider sua sponte the validity vel non of the Emergency Rule. Accordingly, it is constrained to follow the mandate of the Local Rules and be governed by their provisions.

Accordingly, this leaves for consideration the findings and conclusions and a possible judgment to be prepared and submitted to the District Court, if required, under the Rule on the two Motions for Summary Judgment.

■ As noted earlier, the claim of the Debtor against American is based on a breach of an alleged oral contract. This is the claim set forth in Count I of the complaint. The claims set forth in Counts II, III and IV do not specifically rely on oral contracts, but are based on the contention that the Debtor was terminated without reasonable notice. It is American's contention that this oral contract is not enforceable simply because it is barred by the Statute of Frauds because it was not to be performed within one year. It is without dispute and admitted that the Debtor was to clear land for American in connection with American's phosphate mining operation, that the agreement was of indefinite duration and that the Debtor was to be paid as the work was performed. In relying on the Statute of Frauds, American points out that it was contemplated by both parties that the work would continue for at least four to five years; thus, it was not the type of contract which was to be performed within one year. In response to this affirmative defense asserted by American, the Debtor urges that this contract could have been performed within one year and that the intent of the parties as to the duration of the contract is irrelevant. Accordingly, it would not come within the statute. In addition, the Debtor contends that this was an executory contract and the Statute of Frauds does not apply to executory contracts. Finally, the Debtor urges that partial performance removes the contract from the reach of the Statute of Frauds.

It is clear that the applicability, vel non, of the Statute of Frauds would ordinarily be dispositive of the Debtor's right of recovery.

It might appear at first blush that because both American and the Debtor filed Motions for Summary Judgment, denial of one would automatically compel granting the other. However, this is not necessarily the case, especially in this instance where, as in this case, the true nature of the relationship of the parties is not revealed by the record, and such is essential to the resolution of the entire controversy. Therefore, this Court is of the opinion that it would not be appropriate to make a final disposition of the claims asserted by the Debtor against American as a matter of law and that an evidentiary hearing is necessary for the proper disposition of the issues involved.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss for lack of jurisdiction based on *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motions for Summary Judgment filed by both the Debtor and American be, and the same hereby are, denied. It is further

ORDERED, ADJUDGED AND DECREED that the final evidentiary hearing

in this adversary proceeding be, and the same hereby is, scheduled to be heard by the undersigned on April 5, 6 & 7th at 9:00 a.m. in Room 703, 700 Twiggs St., Tampa, Florida. It is further

ORDERED, ADJUDGED AND DE-CREED that the proceeding is deemed to be a related civil proceeding within the meaning of the definition of subclause (C) of the Emergency Local Rule effective as of December 27, 1982 and as such is governed by subclause (B) of the same.